TERRELL, Justice.
Appellant was tried in the Criminal Court of Record, Orange County, and convicted of manslaughter. He was adjudicated to be guilty and sentenced to hard labor in the State Penitentiary for five years. He has appealed from that judgment.
He contends that there was no evidence showing the cause of the accident or that he was guilty of culpable negligence justifying a conviction of manslaughter.
The salient facts were these: Appellant and one Jeff Williams went to a road house near Orlando where they met a woman named Polly Hoyt and all appear to have imbibed considerably. They left the road house in appellant’s automobile, traveling north on the Appopka road. As they rounded a curve soon after, leaving Orlando, appellant was thought to have lost control of the automobile. It ran off the pavement and traveled the shoulder for 250 feet, ploughing up the earth like a subsoil plough. It then “catycornered” across the road, leaving the shoulder, advancing through the underbrush for 137 feet, cutting a swath like a bulldozer had gone through. It jumped a ditch and struck the *291 side of the home of a family named Jenkins, which was constructed of concrete blocks. It knocked 84- blocks from the wall, cracked the mortar on one side of the house, broke the window sill, knocked off the plaster, scattered dust over the floor and came to rest with its nose in the living-room. Polly Hoyt was thrown through the windshield, had both legs and her nose broken, suffered severe bruises, cuts and abrasions on her anatomy and died shortly thereafter before reaching the hospital.
Appellant complains that evidence to the effect that he was driving at least seventy-five miles per hour was not stricken. The answer to this complaint is that the evidence was not objected to, nor was there a motion to strike it. It is further contended that defendant was not intoxicated, but the picture delineated .of what took place at the locus, and the evidence touching defendant’s condition when he reached the hospital, was ample for the jury to have drawn the conclusion that he had fused his liquor and gasoline copiously, that his conduct was wanton and reckless, indifferent to consequences, and in disregard of the rights of others. Every element of culpable negligence was present.
We find no reversible error, so the judgment is affirmed.
Affirmed.
ROBERTS, C. J., and MATHEWS and DREW, JJ., concur.